### B. L. McGINNIS v. T. A. ROBINSON et al.

Conveyance of Land as Collateral Security, Only — Lapse of Time Operates in Favor of Right to Redeem.

Where it sufficiently appears that the cited consideration of a conveyance was wholly or chiefly for borrowed money, held, that such conveyance was made and accepted as collateral security only.

APPEAL FROM WARREN CIRCUIT COURT.

October 2, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It sufficiently appears that the recited consideration of the conveyance from McGinnis, the appellant, to J. A. Robinson, deceased, whose heirs are the appellees, was wholly or chiefly borrowed money. This fact and the decedent's levy, forbearance, and repeated declarations, and virtual recognitions, satisfy this court that the conveyance was, in fact, made and accepted as a collateral security only, and the more especially as this, though not admitted, is nevertheless not denied by the appellees on their personal knowledge.

And, as McGinnis continued in possession of the land now in controversy, the lapse of time operates presumptively in favor of his right to redeem rather than against it.

Whether the appellant still owes anything and how much is the only difficult question, and the case has been carelessly prepared on this point and may require more satisfactory preparation for securing a near approach to precise justice.

As now presented the facts authorize the presumption that the 134 acres sold by the decedent to Quisenbury for about $402 reim-

bursed that much of the debt then due and left but a small balance. On that balance, whatever it was, the appellant should be charged with interest. But he should not be charged with rent. And if he owed the decedent on any other account this, too, should be paid before redemption.

On the return of the cause the balance due, if any, should be ascertained and reported by a commissioner. And whenever said payment shall be established or made, the appellees should be required to reconvey without warranty to the appellant the title to the land claimed by him in this suit.